# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

          *Plaintiff*,

vs.

GARY JAY HIBLER,

          *Defendant.*

Case No. 10-10137-01-EFM

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Gary Jay Hibler's Motion for Review, filed November 24, 2010, of the Magistrate Judge's Order of Detention.[1] On December 2, 2010, the Court held a hearing on the motion. For the reasons states below, the Court finds that Defendant should remain detained pending trial, and therefore, denies Defendant's motion.

### I. Procedural Background

On August 26, 2010, Defendant was charged by a one-count Complaint for production of child pornography. Thereafter, on September 8, 2010, Defendant was charged in a two-count grand jury Indictment for production of child pornography, in violation of 18 U.S.C. § 2251(a) and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). By a two-count Superseding Indictment filed on December 1, 2010, Defendant was charged with knowingly

---

[1]Doc. 19.

permitting the production and/or transmission of a minor while engaged in sexually explicit conduct while being the parent, legal guardian, or person having control or custody of the minor, in violation of 18 U.S.C. § 2251(b), and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). A detention hearing was held before Magistrate Judge Karen Humphreys, who ordered Defendant detained pending trial.[2]

## Standard of Review

The district court's authority to review a magistrate judge's detention order derives from 18 U.S.C. § 3145(b). The district court's review of a magistrate judge's order of detention is *de novo*.[3] Although the Court's review is *de novo*, it need not conduct a *de novo* evidentiary hearing.[4] The decision of whether to start from scratch or to "incorporate the record of the proceedings conducted by the magistrate judge" is left to the sound discretion of the Court.[5] Regardless of which way it elects to proceed, the district court must decide "both the facts and the propriety of detention anew without deference to the magistrate judge's findings."[6]

## Standard for Detention

Under the Bail Reform Act of 1984, the Court must order an accused's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the

---

[2]Docs. 7-8.

[3]*See United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003).

[4]*See United States v. Lutz*, 207 F. Supp. 2d 1247, 1251 (D. Kan. 2002).

[5]*United States v. Plakio*, 2001 WL 1167305, at *1 (D. Kan. Sept. 5, 2001).

[6]*United States v. Poole*, 2004 WL 1732306, at *1 (D. Kan. July 15, 2004) (citing *Lutz*, 207 F. Supp. 2d at 1251).

community."[7] The government bears the burden of proving a risk of flight by a preponderance of the evidence, and it must prove dangerousness by clear and convincing evidence.[8] In a case such as this, where the Indictment charges an offense involving a minor victim under 18 U.S.C. § 2251 or 18 U.S.C. § 2252A(a)(4), and after a finding of probable cause, a rebuttable presumption of detention arises.[9] Once this presumption is invoked, the burden of production shifts to the defendant.[10] While the defendant's burden is not a heavy one, he must produce some evidence to rebut the presumption.[11] Even with this burden shift, the government retains the burden of persuasion regarding risk of flight and danger to the community.[12] The government, however, need only prove one or the other in order to have the defendant detained.[13] The grand jury indictment is sufficient to establish probable cause that the defendant committed the offenses, triggering the rebuttable presumption.[14]

In making the determination of whether there are conditions of release that will both reasonably assure a defendant's required appearance and the safety of the community, the Court must take into account the available information concerning:

---

[7] 18 U.S.C. § 3142(e).

[8] *Cisneros*, 328 F.3d at 616.

[9] *See* 18 U.S.C. § 3142(e)-(f).

[10] *United States v. Stricklin*, 932 F.2d 1353, 1354-55 (10th Cir. 1991).

[11] *Id.* Even if a defendant meets the burden of production, the presumption remains a factor the Court may consider in determining whether to release or detain. *Id.*

[12] *Id.*

[13] *United States v. Daniels*, 772 F.2d 382, 383 (7th Cir. 1985).

[14] *See Stricklin*, 932 F.2d at 1355; *see also United States v. Quartermaine*, 913 F.2d 910, 916 (11th Cir. 1990).

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
(2) the weight of the evidence against the person;
(3) the history and characteristics of the person, including –
(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.[15]

## ANALYSIS

The Court finds that the Indictment alleges that Defendant committed offenses enumerated in 18 U.S.C. § 3142(e)-(f), and therefore, a rebuttable presumption of detention arises.

Under the first factor, the Court should consider the nature and circumstances of the offense charged. Defendant has been charged with offenses involving both the production and possession of child pornography. The production charge involved a minor, Defendant's own son, and carries a mandatory minimum fifteen year sentence. This factor favors detention.

Under the second factor, the Court considers the weight of the evidence against Defendant. The government proffered at the detention hearing that the evidence includes a recorded live video feed that shows both Defendant and his minor son engaged in sexually explicit conduct. The government further contends that Defendant is readily identifiable in the video evidence. In addition, the government represented that there is evidence of the offenses, such as videos and photographs depicting prepubescent images, bestiality with children, and sodomy/sexual intercourse

---

[15] 18 U.S.C. § 3142(g).

with prepubescent children, that was recovered at Defendant's residence from his computer and other data storage devices, along with Internet chat logs. Defendant did not contest the evidence the government proffered. The evidence is sufficient to persuade the Court that the case against Defendant is strong, and favors detention.

The Court next considers the third factor, the history and characteristics of Defendant. Defendant asserts that his prior criminal record is such that does not warrant detention. Further, he asserts that he has significant ties to his home community in southwest Kansas. Defendant also argues that his release would assist in the collection of monies owed him through his business, payment of salaries due his employees, and marshaling of his assets in preparation for a potentially long term of imprisonment. The government contends that Defendant's ties to his community are insufficient to reasonably assure his future appearance in court. The government argues that rather than owning the house in which he lives in Pierceville, Kansas, the residence is owned by his mother. Thus, Defendant is not tied to the property by way of a financial interest. The government further suggests that because Defendant is self-employed, he is not tied to any particular place of business. The government suggests that Defendant can provide his assistance in the financial matters almost as easily from prison as if he were released, and this argument provides no support for his release. Regarding family ties, the government argues that Defendant's alleged offenses involved his family, as the offenses were committed in his mother's basement, and involved his own son. The government concedes that Defendant's son has since been removed from family custody and placed in foster care, and argues that the lack of family ties, the lack of any financial ties, and the lack of a job that ties him to his community warrants detention. Moreover, the government asserts that the potential penalty Defendant faces along with the evidence against Defendant

provides for a strong motivation for him to flee. The Court is persuaded that this factor warrants detention.

Under the fourth factor, the Court must be satisfied that Defendant will not pose a danger to any other person or to the community before releasing Defendant on any set of conditions. The government argues that the evidence obtained, specifically computer and other digital media, contain admissions that Defendant previously committed sexual acts with minors, including a family member other than his son. In addition, the evidence obtained in this case indicates that Defendant has such a high degree of sexual deviance so as to make him a threat to society. Moreover, the government proffered that at the time the search warrant was executed, Defendant's bed was found to have bondage ties attached to it, indicating that Defendant has more than a visual interest in violent sex acts. The government, therefore, contends that, based on the nature of the crimes and in light of the evidence discovered, Defendant is a threat and no set of conditions of his release will ensure the safety of others or the community. Specifically, because these offenses were committed within his residence, electronic or GPS monitoring will not ensure that similar offenses do not occur during his release. In addition, the government suggests that the difficulty in monitoring Defendant's Internet activity if released makes him a threat to the Internet community as well.

Based on the arguments and evidence proffered by the government, we find that the government has presented clear and convincing evidence that Defendant would pose a danger to other persons and the community if released. The Court also finds that Defendant has no ties to the community and faces a long sentence if convicted, and thus, a flight risk.[16]

---

[16]The government expects guideline sentence of 360 months to life imprisonment.

## Conclusion

Based on the arguments and the evidence proffered at the hearing and in consideration of the statutory presumption for detention, the Court concludes that no set of conditions of Defendant's release will protect the community from the danger of addition crimes or ensure Defendant's appearance in future required court proceedings. The government has carried its burden of proving that pretrial detention is warranted. Defendant's Motion for Review of the Order of Detention is denied, and the Order of Detention previously entered in this case remains in effect.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Review of the Order of Detention (Doc. 19) is hereby DENIED.

**IT IS SO ORDERED.**

Dated this 3rd day of December, 2010.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE